IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GONZALO HERRERO-MUÑOZ, et al.,<br><br>    Plaintiffs<br><br>    v.<br><br>JOHN PAUL NAVARRO-FERNÁNDEZ, et al.,<br><br>    Defendants | CIVIL NO. 09-1335 (JP) |

**JUDGMENT BY DEFAULT**

    Before the Court is Plaintiffs' motion for a default judgment (**Nos. 31 and 32**) against Defendants John Paul Navarro-Fernández, Christina Fernández, Adán Domínguez-Ramírez, Insurance Company A, and Jesús Manuel Navarro-Reyes. Said motion is **GRANTED**.

    By way of background, Plaintiffs Gonzalo Herrero-Muñoz and María Herrero-Muñoz filed the instant action on April 8, 2009 against Defendants John Paul Navarro-Fernández, Christina Fernández, Adán Domínguez-Ramírez, Insurance Company A, and Jesús Manuel Navarro-Reyes. After Defendants were served by Plaintiffs, Plaintiffs filed proof of service with the Court (Nos. 5 and 31). Due to Defendants' failure to answer, the Clerk of Court entered default against Defendants on July 30, 2009 (No. 10) and on July 16, 2010 (No. 33).

    Since Defendants are in default, this "constitutes an admission of all facts well-pleaded in the complaint." Metropolitan Life Ins.

CIVIL NO. 09-1335 (JP)             -2-

Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274-75 (D.P.R. 2002); see also Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999). As such, the Court adopts as true the following well-pleaded facts:

1. Gonzalo Herrero-Muñoz is of legal age and resides in 106 Stoneham Way, Pelham, AL 35124.

2. María Herrero-Muñoz is of legal age and resides in 216 Hidden Creek Drive, Pelham, AL 35124.

3. The father of both Gonzalo Herrero-Muñoz and María Herrero-Muñoz is the late Osvaldo Herrero-Compta.

4. John Paul Navarro-Fernández is a minor of approximately 17 years of age, the son of Jesús Manuel Navarro-Reyes and Christina Fernández, residents of SO793 27th Street (bajos), Las Lomas, San Juan, PR 00921.

5. Adán Domínguez-Ramírez is the owner of a 2005 Dodge Ram, license plate 793-231.

6. Insurance Company A is the entity which provides insurance coverage for any and all damages caused to Plaintiffs by Defendants.

7. On April 12, 2008, at approximately 1:30 p.m., Osvaldo Herrero-Compta was walking in the parking lot of the San Francisco Shopping Center in San Juan, Puerto Rico.

8. At the same time, Defendant John Paul Navarro-Fernández was driving through that same parking lot in the direction of the Burger King drive-thru. Said Defendant was driving

CIVIL NO. 09-1335 (JP)          -3-

> a 2005 Dodge Ram, license plate 793-231, registered to Defendant Adán Domínguez-Ramírez.
>
> 9. Due to his negligent driving, Defendant John Paul Navarro-Fernández rammed pedestrian Osvaldo Herrero-Compta, hurling him to the ground and causing him multiple injuries. Said injuries included, but were not limited to, a broken leg and ankle, various scrapes and severe bruising. Osvaldo Herrero-Compta had to be transferred via ambulance to the nearby Medical Center to receive medical attention.
>
> 10. Osvaldo Herrero-Compta began experiencing strong chest pains and difficulty breathing. It was determined that his lungs were bruised because of the impact by Defendant's vehicle. As a result, Osvaldo Herrero-Compta's lung function capacity had become compromised. His condition reached such a degree that it was necessary to transfer him to the Intensive Care Unit of the Medical Center and medical personnel had no choice but to intubate him.
>
> 11. Osvaldo Herrero-Compta began to experience complications and his condition progressively deteriorated, until his eventual death on June 28, 2008. The cause of death was determined to be complications due to bodily trauma. These were the direct result of the impact suffered by

CIVIL NO. 09-1335 (JP)          -4-

       Osvaldo Herrero-Compta at the hands of Defendant John Navarro-Fernández.

Plaintiffs brought the instant action pursuant to diversity jurisdiction alleging violations of Article 1802 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, § 5141. Under Article 1802, the recovery of tort damages requires that a defendant "by an act or omission cause[] damage to another through fault or negligence[.]" P.R. Laws Ann. tit. 31, § 5141. Said Article, articulates three elements for a tort claim: (1) a negligent or intentional act or omission; (2) damages; and (3) a causal nexus between the damages and the defendant's act or omission. See Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2007); Torres v. Kmart, Corp., 233 F. Supp. 2d 273, 277-78 (D.P.R. 2002).

Based on the well-pleaded facts in the complaint, the Court finds that Defendants are liable to Plaintiffs under Article 1802. Defendants committed a negligent act when Defendant John Paul Navarro-Fernández hit Osvaldo Herrero-Compta with the car registered to Adán Domínguez-Ramírez. Plaintiffs suffered damages because their father, Osvaldo Herrero-Compta, passed away. Also, Plaintiffs' damages were caused by Defendants negligence because Defendants' negligence led to the death of Osvaldo Herrero-Compta.

Since Defendants are liable for the causes of action asserted in the complaint, the only remaining issue to be considered is the extent of Plaintiffs' damages. As such, the Court scheduled (Nos. 34

CIVIL NO. 09-1335 (JP)          -5-

and 35) a hearing pursuant to Federal Rule of Civil Procedure 55(b)(2)(B) to assist in the determination of the amount of damages.

The hearing was held on August 23, 2010. At said hearing, Plaintiffs María Herrero-Muñoz and Gonzalo Herrero-Muñoz testified regarding: (1) the pain and suffering of their father Osvaldo Herrero-Compta prior to his death; (2) their own mental anguish which was suffered as a result of the injuries caused by Defendants on their father; and (3) their expenses related to their travel and care of their father Osvaldo Herrero-Compta.

Based on Defendants' liability and the testimony presented at the default hearing, the Court hereby **ENTERS JUDGMENT** for Plaintiffs **TO HAVE AND RECOVER** from Defendants the following amounts:

1. **ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00)** to Plaintiffs, as heirs of Osvaldo Herrero-Compta, for the physical pain, mental anguish and subsequent death of Osvaldo Herrero-Compta;

2. **TWO HUNDRED THOUSAND DOLLARS ($200,000.00)** to Plaintiff Gonzalo Herrero-Muñoz for his mental anguish;

3. **TWO HUNDRED THOUSAND DOLLARS ($200,000.00)** to Plaintiff María Herrero-Muñoz for her mental anguish; and

CIVIL NO. 09-1335 (JP)          -6-

    4.  **TWENTY THOUSAND DOLLARS ($20,000.00)** to Plaintiffs for the expenses incurred traveling and caring for Osvaldo Herrero-Compta after the incident.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of September, 2010.

                                      s/Jaime Pieras, Jr.
                                      JAIME PIERAS, JR.
                        U.S. SENIOR DISTRICT JUDGE